SEAN E. PONIST (SBN 204712)
sponist@ponistlaw.com
**LAW OFFICES OF SEAN PONIST, P.C.**
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 798-2222
Fax: (888) 350-5442

GLENN V. WHITAKER (admitted *pro hac vice*)
gvwhitaker@vorys.com
ERIC W. RICHARDSON (admitted *pro hac vice*)
ewrichardson@vorys.com
NATHAN L. COLVIN (admitted *pro hac vice*)
nlcolvin@vorys.com
**VORYS, SATER, SEYMOUR AND PEASE LLP**
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
Telephone: (513) 723-4000
Fax: (513) 852-8450

*Attorneys for Plaintiff Nationwide Biweekly Administration, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAN LYNN OWEN, in her official capacity as Commissioner of the Department of Business Oversight for the State of California,<br><br>Defendant. | Case No. 14-cv-05166-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date: May 6, 2015<br>Time: 2:00 p.m.<br>Courtroom: 8<br>Judge: The Hon. Lucy H. Koh<br>Action Filed: November 21, 2014 |

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014, and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

   <u>Federal Question Jurisdiction</u>: Plaintiff Nationwide Biweekly Administration, Inc. ("Nationwide") brought this lawsuit under 42 U.S.C. § 1983, alleging that Defendant, Jan Lynn Owen, in her official capacity as Commissioner for the Department of Business Oversight for the State of

California ("DBO"), took action under color of state law in violation of the Dormant Commerce Clause (Article I, § 8, cl. 3), and the Fifth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction of this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, and can grant injunctive relief pursuant to Federal Rule of Civil Procedure 65.

Service: All parties have been served.

Venue: Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Nationwide's claims occurred in this district.

**2.    Facts**

Nationwide's statement: Nationwide is an Ohio corporation that administers a biweekly program for mortgage borrowers, which enables borrowers to repay their loans faster and with significantly less interest as compared to the traditional monthly repayment program offered by most lenders. Nationwide is currently licensed in over 40 states, including the state of California, where Nationwide has been licensed by the California Bureau of Real Estate since 2004.

Starting on or about May 22, 2014, after nearly a decade of working with California customers without incident, DBO began threatening to enforce Cal. Fin. Code § 12200, *et. seq.* (the "Prorater Law") against Nationwide. Specifically, DBO has contended that Nationwide is required to obtain a prorater license in order to do business in California. Importantly, however, the Prorater Law specifically prohibits non-California corporations from obtaining a prorater license. *See* Cal. Fin. Code § 12200.1. Thus, DBO's threatened enforcement of the Prorater Law would prohibit Nationwide from doing business in the state of California based on its incorporation in the state of Ohio. Moreover, upon information and belief, Nationwide believes that DBO has never threatened to enforce the Prorater Law against any of Nationwide's similarly-situated competitors.

DBO's threats to enforce the Prorater Law against Nationwide escalated in the months following the initial threat. Because this threatened enforcement could effectively put Nationwide out of business in California, Nationwide commenced the instant lawsuit on November 21, 2014, seeking declaratory and injunctive relief to prohibit the unconstitutional enforcement of the Prorater Law.

DBO's statement:

The DBO is investigating whether to bring an enforcement action against Nationwide for operating as an unlicensed prorater in California. The DBO has not yet brought such an action, nor has it taken any steps to indicate it intends to prohibit Nationwide from doing business in the state of California. If the DBO does bring an enforcement action under California law, that action would be subject to review by California's state courts.

Moreover, Nationwide has not applied for a prorater license in California. Rather, Nationwide insists it need not obtain a prorater license. The DBO has not indicated that it would deny Nationwide a license under California Financial Code section 12200.1 if in the future Nationwide applied for a prorater license. Accordingly, this case is not yet ripe for adjudication, and Nationwide has not shown that it has standing to bring an action under 42 U.S.C. § 1983 using section 12200.1 as the basis for its claimed violation of constitutional rights.

Finally, Nationwide has not alleged facts showing that it is at risk of imminent, irreparable harm, and therefore has no basis for its motion for a preliminary injunction. For these and other reasons, the DBO opposed Nationwide's motion for a preliminary injunction, and has moved to dismiss this premature action.

**3.     Legal Issues**

The legal issues include whether Nationwide has presented an action presently suitable for adjudication, and whether DBO's threatened enforcement of the Prorater Law against Nationwide would violate the U.S. Constitution.

**4.     Motions**

Nationwide's Motion for Preliminary Injunction was denied on March 18, 2015. DBO's Motion to Dismiss is currently pending and awaiting decision by this Court. Nationwide anticipates filing a motion for summary judgment after an opportunity to conduct discovery.

**5.     Amendment of Pleadings**

Nationwide reserves the right to amend its Complaint following the resolution of the pending Motion to Dismiss.

**6.     Evidence Preservation**

The parties state that they have taken steps to preserve documents and communications that are relevant to the issues reasonably evident in this case and the causes of action set forth therein. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and will meet and confer pursuant to Federal Rule of Civil Procedure 26(f) regarding any further reasonable and proportionate steps that should be taken to preserve evidence relevant to the issues reasonably evident in this action following resolution of the pending Motion to Dismiss.

**7.     Disclosures**

Initial disclosures will be made promptly in accordance with Rule 26 following resolution of the pending Motion to Dismiss.

**8.     Discovery**

No discovery has been taken to date. The parties will meet and confer regarding discovery issues following resolution of the pending Motion to Dismiss.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

On December 16, 2014, the Court granted Nationwide's Administrative Motion to Consider Whether the Case Should be Related to *Nationwide Biweekly Administration, Inc, et. al. v. John F. Hubanks, et al.*, Case No. 14-cv-04420-LHK.

**11.    Relief**

Nationwide seeks declaratory and injunctive relief and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**12.    Settlement and ADR**

There have been no ADR efforts to date, and the parties have engaged in some early settlement discussions with little success. Nonetheless, Nationwide believes that this case can be resolved through settlement, and respectfully submits that the Court's involvement would substantially assist the parties in settling the matter. The DBO does not believe settlement would be in the public interest at this time.

**13. Consent to Magistrate Judge For All Purposes**

On November 24, 2014, Nationwide filed its Declination to Proceed before a United States Magistrate Judge.

**14. Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

At this time, the parties do not have any requests to bifurcate issues, claims, or defenses. The parties will need to conduct discovery, if appropriate, to assess whether there are issues that can be narrowed by agreement or motion, or whether there are any ways of expediting the presentation of evidence at trial through stipulations or otherwise.

**16. Expedited Trial Procedure**

The parties do not believe this case is appropriate for handling under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**

The parties request that the Court allow them to propose dates and deadlines, if appropriate, following resolution of the pending Motion to Dismiss.

**18. Trial**

The parties agree that this case is suitable for a bench trial, which they estimate will last 3 days.

**19. Disclosure of Non-Party Interested Entities or Persons**

Nationwide has filed its "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-15. As required by this Court's Standing Order concerning Contents of Joint Case Management Statement, Nationwide also restates its Certification as follows:

| | |
|---|---|
| Nationwide Biweekly Administration, Inc. | Plaintiff |
| Daniel S. Lipsky | Sole Shareholder of Plaintiff |
| Commissioner Jan Lyn Owen | Defendant |
| Department of Business Oversight for the State of California | Real Party in Interest |

**20.  Professional Conduct**

Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other**

The parties have no additional matters at this time.

Dated:  April 29, 2015          VORYS SATER SEYMOUR AND PEASE LLP

                                By:    /s/ Nathan L. Colvin
                                       Nathan L. Colvin

                                       Attorney for Plaintiff Nationwide Biweekly, Inc.

Dated:  April 29, 2015          KAMALA D. HARRIS, ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA

                                By:    /s/ Anne Michelle Burr
                                       Anne Michelle Burr

                                       Deputy Attorney General
                                       Attorney for Defendant Commissioner of the
                                       Department of Business Oversight

### ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Glenn V. Whitaker, hereby attest that concurrences in the filing of this document have been obtained from each of the signatories.

                                By:    /s/ Nathan L. Colvin
                                       Nathan L. Colvin

### CERTIFICATE OF SERVICE

On April 29, 2015, I filed the foregoing document with the Court's CM/ECF filing system, which will serve all parties and counsel of record in this case.

                                       /s/ Nathan L. Colvin
                                       Nathan L. Colvin

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

By: _____
Lucy H. Koh
United States District Court Judge

7
JOINT CASE MANAGEMENT STATEMENT