1    KAMALA D. HARRIS
     Attorney General of California
2    JOYCE E. HEE
     Supervising Deputy Attorney General
3    ANNE MICHELLE BURR
     Deputy Attorney General
4    State Bar No. 158302
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 703-1403
6     Fax:  (415) 703-5480
      E-mail:  AnneMichelle.Burr@doj.ca.gov
7    *Attorneys for Defendant*
     *Commissioner Jan Lynn Owen*

8

9             IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                SAN JOSE DIVISION

12

| | |
|---|---|
| **NATIONWIDE BIWEEKLY ADMINISTRATION, INC., an Ohio corporation,** | 5:14-CV-05166 LHK |
| Plaintiff, | **DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| v. | Date: June 25, 2015<br>Time: 1:30 pm<br>Courtroom: 8 |
| **JAN LYNN OWEN, in her official capacity as Commissioner of the Department of Business Oversight for the State of California,** | Judge: The Honorable Lucy H. Koh<br>Action Filed: November 21, 2014 |
| Defendant. | |

1

**INTRODUCTION**

2      On May 15, 2015, the California Department of Business Oversight (DBO), and the district

3  attorneys for the counties of Alameda, Marin and Monterey, filed a state court enforcement action

4  in Alameda County Superior Court against federal plaintiff Nationwide Biweekly Administration,

5  Inc. (Nationwide).  Pursuant to this Court's May 26, 2015 Order Requesting Further Briefing,

6  defendant Jan Lynn Owen, Commissioner of the DBO, respectfully submits this Supplemental

7  Brief regarding the impact of the filing of this state court enforcement action on defendant's

8  pending Motion to Dismiss.[1]  Defendant asserts the state court enforcement action triggers

9  abstention under *Younger v. Harris,* 401 U.S. 37 (1971) (*Younger*), and provides an additional

10  reason to dismiss this action.

11

**ARGUMENT**

12  **I.    DISMISSAL IS APPROPRIATE UNDER *YOUNGER* BECAUSE
            NATIONWIDE'S FEDERAL ACTION IS A PATENT ATTEMPT TO DERAIL**
13  **THE STATE COURT ENFORCEMENT ACTION.**

14      In *Younger*, the United States Supreme Court espoused a strong policy against federal court

15  interference with pending state proceedings, based on considerations of comity and respect for

16  state functions.  Under this recognized policy, the "states are left free to perform their separate

17  functions in their separate ways" and the federal government "anxious though it may be to do so

18  vindicate and protect federal rights and federal interests" should "always endeavor[] to do so in

19  ways that will not unduly interfere with the legitimate activities of the States."  401 U.S. at 44.

20  This policy is especially applicable where, as here, Nationwide asks the federal court to directly

21  interfere through declaratory and injunctive relief with an action brought by state regulatory

22  officials.  *See*, *American Consumer Pub. Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1124 (9th Cir.

23  2003). In circumstances such as the instant case, where *Younger* abstention elements are present,

24

25  federal "courts generally must dismiss the action."  *Id*. at 1126.

26

27      _____
      [1] The state complaint is attached to the Request for Judicial Notice filed in support of this
28  Supplemental Brief as Exhibit A.

1

The Ninth Circuit has found *Younger* abstention appropriate when the state proceedings are initiated before any "substantive" proceedings are held in federal court, involve quasi-criminal enforcement actions, implicate an important state interest, and allow litigants to raise federal challenges. *ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754, 759 (9th Cir. 2014). As shown below, *Younger's* requirements are met here, and Nationwide's federal action should be dismissed.

**A.    State Proceedings Were Initiated Before Proceedings of Substance on the Merits Took Place in Nationwide's Federal Action.**

Where state court proceedings are initiated against federal plaintiffs after the federal action is filed but before any "proceedings of substance on the merits" have taken place in federal court, *Younger*'s principles should apply in full force. *Hicks v. Miranda,* 422 U.S. 332, 349 (1975). Here, this court declined to grant a preliminary injunction, and has not yet ruled on the pending motion to dismiss. Not one hearing on the merits or any case management conference has yet to take place, nor has defendant filed an answer. Thus, there have been no proceedings of substance on the merits, making dismissal under *Younger* appropriate. *See, Hicks, supra,* 422 U.S. at 349-350 (denial of temporary restraining order not proceeding of substance on the merits); *Polykoff v. Collins,* 816 F.2d 1326, 1332 (9th Cir. 1987) (*Younger* applied even though a federal action was filed and a motion for a temporary restraining order was denied before the state action was filed). Likewise, the DBO's pending motion to dismiss is also not considered a proceeding of substance. *See e.g. Ciotti v. County of Cook,* 712 F.2d 312, 313–314 (7th Cir. 1983) (ruling on motion to dismiss based on standing not considered substantive proceeding for *Younger* purposes); *Mannheim Video, Inc. v. County of Cook,* 884 F.2d 1043, 1046, n.4 (7th Cir.1989) (ruling on a motion to dismiss for failure to state a claim considered to be in the embryonic stage of a case); *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 666-667 (7th Cir. 2007) (federal action filed seven months before state action filed, during which several motions to dismiss were heard, dismissed under *Younger*); and *Kalniz v. Ohio State Dental Bd.,* 699 F.Supp.2d 966, 971–72

(S.D.Ohio 2010) (motion to dismiss that was filed but not decided is not a proceeding of substance on the merits).

**B.**   *Younger* **Applies to This State Enforcement Action.**

The DBO and the county prosecutors sued Nationwide on behalf of the People of the State of California for alleged violations of California's financial and consumer protection laws.  The state court enforcement action is precisely the kind of action that triggers *Younger* abstention. *See e.g.*, *Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc.,* 477 U.S.  619, 626 (1986) (state–initiated administrative proceedings to enforce state civil rights laws); *Middlesex County Ethics Committee v. Garden State Bar,* 457 U.S. 423 (1982) (state-initiated disciplinary proceedings against lawyer for violation of ethics rules); *Trainor v. Hernandez,* 431 U.S. 434, 444 (1977) (civil action brought by the state in its sovereign capacity to recover welfare payments fraudulently obtained fraudulently); and *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604 (1975) (state filed civil action to abate showing of obscene movies).  Since Nationwide's district court action is designed to obstruct the state court enforcement action, this court should abstain from exercising its jurisdiction, and dismiss this action.

**C.**   **The State Proceedings Implicate Important State  Interests.**

The DBO and the county prosecutors initiated their state court enforcement action against Nationwide because it allegedly operates as an unlicensed prorater, charges consumers fees well above authorized amounts, and employs false advertising and predatory sales tactics.  The state officials seek injunctive relief, civil penalties, restitution and disgorgement.  This state action implicates the state's critical interests in protecting California's consumers from abuse and fraud, and ensuring persons who handle other people's money, such as proraters, are regulated and licensed.  *See Nationwide Asset Services, Inc. v. DuFauchard*, 164 Cal.App.4th 1121, 1126 (2008) (proraters are subject to the Commissioner's "licensing oversight for the protection of consumers"); *Middlesex County Ethics Committee, supra,* 457 U.S. at 434 (recognizing states' "extremely important interest" in maintaining and assuring licensees' professional conduct).

3

1        Moreover, California has an interest in having its laws interpreted in state court first.

2 Nationwide alleges it is not a prorater, contending that California's prorater definition applies

3 only to debt *settlement* companies, not to debt *payment* companies such as Nationwide.[2]

4 Nationwide also argues that it is exempt from California's licensing requirements because it holds

5 a real estate license.[3]  The DBO disagrees.  These disputed issues are at the forefront of the state

6 action, and also serve as the predicate for the federal action.  If Nationwide does not fall within

7 California's definition of a prorater, it cannot be prosecuted for operating without a license.  If the

8 DBO cannot prosecute Nationwide as an unlicensed prorater, Nationwide's constitutional

9 objections are moot.  The statutory interpretation of state laws at issue in both proceedings should

10 be addressed in state court first, and could preclude the need for any litigation in federal court.

11 *See Tomiyasu v. Golden*, 358 F.2d 651, 654, n. 2 (9th Cir. 1966) (to further the policy of

12 unnecessarily deciding constitutional questions and affording state courts the first opportunity to

13 interpret state law, federal courts may abstain in cases that depend in part upon a prior

14 determination of state law).

15        **D.**    **Nationwide Will Have An Adequate Opportunity To Raise Its**

16             **Constitutional Claims in the State Court Enforcement Proceeding.**

17        The state court enforcement action will be adjudicated by a superior court  judge, before

18 whom Nationwide will be able to raise its constitutional claims.  Nationwide will then have an

19 opportunity to seek judicial review in California's appellate courts.  For this reason, Nationwide's

20 claims of constitutional violations do not require the exercise of federal jurisdiction. "[T]he mere

21 assertion of a substantial constitutional challenge to state action will not alone compel the

22 exercise of federal jurisdiction."  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,

23 491 U.S. 350, 365 (1989).

24        Rather, California provides an adequate opportunity for judicial review of Nationwide's

25 constitutional claims.  *Kenneally v. Lungren,* 967 F.2d 329, 333, n. 3 (1992) (finding that

26 California's superior courts are "fully capable of adjudicating and protecting [a litigant's]

---

[2] See, Nationwide's federal complaint at ¶¶ 11, 24.
[3] See, Nationwide's federal complaint at ¶ 25.

1  constitutional rights" and that California's review procedures do not deny a litigant "an

2  opportunity for meaningful review of his federal constitutional claims.")  *See also Pennzoil v.*

3  *Texas, Inc.,* 481 U.S. 1, 15 (1987) (unless there is unambiguous authority to the contrary, "federal

4  courts should assume that state proceedings will afford an adequate remedy").

5      As the Supreme Court explained in *Steffel v. Thompson*, 415 U.S. 452, 460 (1974),

6  *Younger* abstention is grounded in principles of equity, comity and federalism. Thus, in all but

7  unusual cases, "a pending state proceeding . . . would provide the federal plaintiff with the

8  necessary vehicle for vindicating his constitutional rights, and . . . the restraining of an ongoing

9  prosecution would entail an unseemly failure to give effect to the principle that state courts have

10  the solemn responsibility, equally with the federal courts 'to guard, enforce, and protect every

11  right granted or secured by the constitution of the United States. . . .'"  *Id.*  Indeed, "for a federal

12  court to disrupt its integrity by intervening mid-process would demonstrate a lack of respect for

13  the State as sovereign."  *New Orleans Pub. Serv., Inc., supra,* 491 U.S. at 369.

14      Nationwide will have an opportunity to raise all its constitutional claims in the state action

15  because California's courts are fully capable of protecting Nationwide's rights.  Nationwide

16  should not, therefore, be allowed to invoke this court's jurisdiction to directly interfere with the

17  state's civil enforcement action.

18                          **CONCLUSION**

19      For the reasons stated above, defendant Commissioner of the DBO respectfully submits that

20  this court should abstain from exercising its jurisdiction under the principles enunciated in

21  *Younger,* and dismiss this action.

Dated:  June 3, 2015                    Respectfully Submitted,

23                                      KAMALA D. HARRIS
                                        Attorney General of California

24                                       /S/ ANNE MICHELLE BURR
25                                      ANNE MICHELLE BURR
                                        Deputy Attorney General
26                                      *Attorneys for Defendant*
                                        *Commissioner of the Department of*
                                        *Business Oversight*

27

28

5

**CERTIFICATE OF SERVICE**

On June 3, 2015, I filed the foregoing document with the court's CM/ECF filing system which will serve all parties and counsel of record in this case.

/s/ Anne Michelle Burr

Defendant's Supplemental Brief  (5:14-cv-05166 LHK)